ACCEPTED
03-15-00109-CR
7809772
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/12/2015 5:23:10 PM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00109-CR**

IN THE

COURT OF APPEALS

THIRD DISTRICT OF TEXAS

AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/16/2015 3:00:10 PM
JEFFREY D. KYLE
Clerk

| | | |
|---|---|---|
| CHELSEA PODOWSKI | § | APPELLANT |
| VS. | § | |
| THE STATE OF TEXAS | § | APPELLEE |

APPEAL FROM THE COUNTY COURT OF LAW NUMBER FIVE

TRAVIS COUNTY, TEXAS

CAUSE NO. C-1-CR-14-205047

APPELANT'S REPLY BRIEF

James Gill
1201 Rio Grande, Ste 200
Austin, Texas 78701
Phone: (512) 448-4560
Fax: (512) 308-6780
jgill@austin-criminallawyer.com
Bar Number: 24043692

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

CHELSEA PODWOSKI
2202 W. Northloop
Austin, Texas 78756
**Appellant**

JAMES R. GILL
1201 Rio Grande, Ste 200
Austin, Texas 78701
**Trial & Appellate Attorney for Appellant**

WARD B.B. DAVISON
1201 Rio Grande, Ste 200
Austin, Texas 78701
**Appellate Attorney for Appellant**

GISELLE HORTON
Travis County Attorney's Office
P.O. Box 1748
Austin, Texas 78767
**Appellate Attorney for the State**

THE HONORABLE NANCY HOHENGARTEN
County Court at Law #5
P.O. Box 1748
Austin, Texas 78767
**Trial Judge**

TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL…………………………………………i

TABLE OF AUTHORITIES……………………………………………………...iii

STATEMENT OF THE CASE……………………………………………………iv

ISSUES PRESENTED…………………………………………………….......v

STATEMENT OF FACTS…………………………………………………………1

SUMMARY OF THE ARGUMENTS…………………………………………...3

ARGUMENT…………………………..…………………………………………...3

> THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS THE BREATH TEST EVIDENCE OBTAINED THROUGH PSYCHOLOGICAL COERCION OF APPELLANT.

**A) Law enforcement officers may not misrepresent the law.**

**B) Under the totality of circumstances, Podowski's ability to voluntarily consent was overborne.**

**C) The State incorrectly asserts that Podowski consented twice.**

**D) The State's cases used in support of her argument are easily distinguished from the case at hand.**

CONCLUSION……………………………………………………………………8

PRAYER……………………………………………………………………...8

CERTIFICATE OF COMPLIANCE……………………………………………9

CERTIFICATE OF SERVICE…………………………………………………10

## TABLE OF AUTHORITIES

**Cases**

*Fienen v. State*, 390 S.W.3RD 328 (Tx. Crim App., 2013)…………………3,4,5,6

*Bice v. State*, No. 13-12-00154 CR, 2013 Tex. App. Lexis 218…………………...8

*Cook v. State,* No. 05-14-00483-CR, 2015 Tex. App. Lexis 5797……………….6,7

*Worku v. State,* No. 14-13-0047-CR, 2014 Tex. App. Lexis 3621…………………7

## STATEMENT OF THE CASE

*Nature of the case*:  On May 2014 the County Attorney presented information alleging that the Appellant committed DWI (1st offense, BAC > .15) on or about March 29, 2014.

*Course of proceedings:*  A pretrial hearing was held on Appellant's Motion to Suppress was held on November 25th, and December 4th, 2014. Appellant's Motion denied.

*Disposition of the case:*  Client pleaded guilty to the offense of DWI on December 4th, 2014. Appellant was sentenced to 15 months of probation on a Class B 1st offense, $100 fine, 60 hours of Community Service and 6 months of an ignition interlock in her vehicle. The finding of BAC >.15 was waived by the state.

## ISSUES PRESENTED

Did the trial court err in failing to suppress evidence of the Appellants breath test when the arresting officer misrepresented the law to Appellant?

NO. 03-15-00109-CR

IN THE

COURT OF APPEALS

THIRD DISTRICT OF TEXAS

AUSTIN, TEXAS

| CHELSEA PODOWSKI | § | APPELLANT |
|---|---|---|
| VS. | § | |
| THE STATE OF TEXAS | § | APPELLEE |

APPEAL FROM THE COUNTY COURT OF LAW NUMBER FIVE

TRAVIS COUNTY, TEXAS

CAUSE NO. C-1-CR-14-205047

**TO THE HONORABLE COURT OF APPEALS:**

ABBREVIATED STATEMENT OF FACTS

Officer Marler introduced himself to Appellant, Podowski, and performed the Standardized Field Sobriety Tests after being called to Podowski's location by another law-enforcement officer. RR II 20-21. After completing the tests, Marler read Podowski the DIC 24 warning. RR II 21. Marler read the document at a very rapid pace, confusing Podowski. RR II 31, RRIII 17. Podowski informed officer Marler that she didn't fully comprehend everything and asked, "In which case is

1

my license not going to be suspended at all." RR II 24. Officer Marler, misrepresenting the law, responded "None." RR II 24. Marler then asked, "Is that a yes or a no?" RR II 24. Podowski responded, "yes" to provide a sample of her breath. RR II 24. Marler had previously requested a PBT test from Podowski which Podowski declined to provide after another officer explained to her what a portable breath test was. RR II 21. On cross-examination Marler estimated that he had only read the DIC-24 approximately 10-12 times in his entire career. RR II 24-25.

Podowski testified on direct examination that she didn't feel like she had a choice to refuse the breath test from the arresting officer. RR II 29. Podowski further testified once she arrived at the mobile breath test unit that the man who administered the breath test told her she had to take the test. RR II 29. The man who administered the breath test is Keith Wade, a civilian employee and former peace officer. RR III 2-3.

Keith Wade had no recollection of performing the breath test on Podowski even after having been shown a booking photo of Appellant or of any events of that particular day. RR III 5. When asked on direct examination if Podowski asked him if she had to take the test he didn't recall. RR III 8-9. Podowski distinctly remembers asking Wade if she was required to provide a specimen of her breath and Wade's answer in the affirmative. RR II 29.

## SUMMARY OF THE ARGUMENTS

The trial court erred in denying Appellant's motion to suppress the breath test evidence acquired illegally by the police officer. An officer is not allowed to make misrepresentations of the law. Further, based on the totality of the circumstances:

1) Officer Marler read the DIC-24 so rapidly as to make it incomprehensible;

2) When asked to clarify, misrepresented the law.

The Appellant's involuntary acquiescence to the police officer's request for evidence was obtained through psychological coercion. By allowing the evidence to be admitted, the trial court harmed the Applicant beyond a reasonable doubt.

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS THE BREATH TEST EVIDENCE OBTAINED THROUGH PSYCHOLOGICAL COERCION OF APPELLANT.

### Argument and Authorities

*"When determining whether DWI suspects acted voluntarily, courts are to look at the totality of the circumstances. Law-enforcement officers may not misrepresent the law, but neither are they required to simply repeat the statutory warnings."*

-First and second sentence of the Texas Court of Criminal Appeals' conclusion in the unanimously decided *Fienen v. State* in 2012.

It is the interpretation of these two sentences, and the way in which they must exist together, that prompts this appeal. The State takes the position that:

1)      Law-enforcement officers **may** misrepresent the law, and

2)      That Podowski failed to allege any other supporting facts that lend credence to the involuntariness of Podowski's consent other than that misrepresentation of the law.

Both positions are flawed.

**A) Law enforcement officers may not misrepresent the law.**

In relying on *Fienen,* both parties must acknowledge the case in its entirety. A plain reading of the first clause of the second sentence is clear. The second clause of that sentence provides context. These cases are often argued on the fact that an officer strayed from the exact language of the statute, not that the officer completely misrepresented the law to the Appellant. In Podowski's case Officer Marler incorrectly informed Podowski that under no circumstances would her license not be suspended. That is false. Podowski's license would not be suspended if:

1) Podowski refused to consent and it was determined at an Administrative hearing that the Officer lacked probable cause to conduct a Field Sobriety Test, or

2) Podowski could voluntarily consent and pass the Breath Test.

4

The State provides no argument against the fact that Officer Marler misrepresented the law, in clear violation of the Criminal Court of Appeals' conclusion in *Fienen*.

**B) Under the totality of circumstances, Podowski's ability to voluntarily consent was overborne.**

The State refuses to acknowledge the Trial Court's assertion that Officer Marler's reading of the DIC-24 was "way too fast." RR II 45. This rapid reading is what lead to Podowski's initial confusion and prompted her to ask for a clarification. Though the Findings of Fact under point 18 states that " Officer Marler read Chelsea Podowski the required statutory warning verbatim," the Court omitted the fact that the Officer read it "way too fast." This omission of fact is converse to *Fienen* in that it ignores a key fact when assessing the totality of the facts.

When a person is read their rights in such a manner as to make that notice unintelligible and then clarifies with a falsehood, then an objectively reasonable person's ability to voluntarily consent is overborne.

**C) The State incorrectly asserts that Podowski consented twice.**

The State misinterpreted a vital part of the record. It is only for purposes of clarification to the Court that Appellant corrects this issue. The State makes much of the "fact" that Podowski consented to the breath test both before and after the

misrepresentation. It is the former consent that we feel has been misread. Below is the exchange:

2:02:44     Officer Marler:     I am now requesting a specimen of your breath.

2:02:48     Podowski:     Uh, you're requesting a specimen of my breath?

2:02:52     Officer Marler:     Correct.

2:02:53     Podowski:     Uh…alright.

2:02:55     Officer Marler:     Are you going to give me a specimen of your

breath?

The State contends that this is Podowski's first consent. However, it is simply acknowledgement of Officer's Padowski's request.

**D) The State's cases used in support of her argument are easily distinguished from the case at hand.**

These cases all occurred under the color of *Fienen*. Taking them in turn:

*Cook v. State,* No. 05-14-00483-CR, 2015 Tex. App. Lexis 5797.

An officer read an old DIC-24 that did not have the language regarding the ability of the officer to obtain a search warrant if Cook failed to consent to a breath test. Appellant argued that this rendered the consent involuntary. However, Cook consented so the fact that the refusal language was not read rendered the argument moot. *Cook at* 6. "Likewise, there [was] no evidence that the use of the 2005 DIC-

24 had any impact on appellant's decision to consent to providing the breath specimen." *Id.*

Clearly an omission of language not germane to the consent is not tantamount to reading the DIC-24 so fast that it causes confusion, and then compounding that confusion by misrepresenting the law. The technical mistake in *Cook* does not rise to the same height of confusion and coercion created by Officer Marler in the case at hand.

### *Worku v. State,* No. 14-13-0047-CR, 2014 Tex. App. Lexis 3621.

Here the appellant was accurately read the DIC-24 twice, once in English by the arresting officer and a second time by Worku's friend in his native Amharic. *Worku at 4, 20.* The officer also made a statement that he would be able to get a temporary license to drive, an extra-statutory statement. However, this statement was made to the translator and not directly to Worku. *Id.*

Podowski was never correctly read the DIC-24. The clarification given by Officer Marler directly contradicted the statutes. When compared to Worku's being read the DIC-24 correctly twice and a statement that does not apply to the statutes, it becomes clear that totality of the circumstances rise to a dramatically higher level of misrepresentation in Podowski's fact pattern.

<u>*Bice v. State*</u>, No. 13-12-00154 CR, 2013 Tex. App. Lexis 218.

*Bice* turns on the fact that the appellant did not testify and therefore the court could not consider the appellant's reasoning. *Id. at 11*. Conversely, Podowski stated that she "didn't really have a choice" as to consent. RR II 19. Podowski stated that to her, keeping her license was paramount to her decision-making. RR II 31. Marler's misrepresentation of the law goes directly to license suspension and created confusion in her mind. Believing that her license would be suspended under *all* circumstances, Podowski consented because she "felt that [refusal] would just, in general, look like [she] was resisting." RR II 31.

CONCLUSION

The trial court failed to consider the speed at which the original DIC-24 was read to Podowski. Therefore it did not take into account the full context of the circumstances under which Podowski consented. The unintelligible notice plus the misrepresentation of the law in an attempt at clarification, would overbear a reasonable person's ability to voluntarily, knowledgeably consent to providing a breath specimen.

PRAYER

WHEREFORE PROMISES CONSIDERED, Appellant prays that this Court sustains her point of error, reverse the trial court's denial of the motion to suppress & judgment of conviction, and remand for new trial.

8

Respectfully submitted,


\_\_\_/s/ James Gill_____

James Gill
1201 Rio Grande, Ste 200
Austin, Texas 78701
Phone: (512) 448-4560
Fax: (512) 308-6780
jgill@austin-criminallawyer.com
Bar Number: 24043692


## CERTICFICATE OF COMPLIANCE

Relying on Microsoft Office Word's word-count function, I certify this this document complies with the word-count limitations of Texas Rules of Appellate Procedure 9.4. This document contains 2,110 words.


\_\_\_/s/ James Gill_____

James Gill

## CERTIFICATE OF SERVICE

This is to certify that the above Appellant's brief has been served on the State's attorney via electronic copy to Giselle Horton at TCAppellate@traviscountytx.gov on November 12, 2015.


___/s/ James Gill_____

James Gill